UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## **AMENDED** CIVIL MINUTES - GENERAL

| Case No. | CV 16-2770-GW(SKx) | Date | August 22, 2016 |
|---|---|---|---|
| Title | *Victoria Kissel v. Omega Natural Science, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Lisa M. Gonzalez | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Victoria C. Knowles | Brian M. Willen |

**PROCEEDINGS:** DEFENDANT OMEGA NATURAL SCIENCE, INC.'S MOTION TO DISMISS COMPLAINT [24]

Court hears oral argument. *The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling.* Defendant Omega's motion is GRANTED WITH LEAVE TO AMEND. Plaintiff will have ten (10) days from the date of this order to amend her complaint.

The Court sets a scheduling conference for September 1, 2016 at 8:30 a.m. Parties will file a joint scheduling report by noon on August 30, 2016.

|  | : | 05 |
|---|---|---|
|  | Initials of Preparer | JG |

<u>Kissel v. Omega Natural Sci., Inc.</u>, Case No. CV-16-2770-GW-SK
Tentative Ruling re Motion to Dismiss

## I. <u>Background</u>

Victoria Kissel ("Plaintiff") brings this putative class action against Omega Natural Science, Inc. ("Defendant") asserting two causes of action: (1) violation of California's Automatic Renewal Law ("ARL"), under California Business & Professions Code §§ 17600-17604; and (2) unfair competition, under California Business & Professions Code §§ 17200-17204. *See generally* Compl., Docket No. 1.

Defendant operates a website that markets subscriptions for products including OmegaBrite Gelcaps (the "Product"), a dietary supplement that purports to improve cardiac and joint health, as well as emotional wellbeing and cognitive clarity. *Id.* ¶ 8. Defendant offers an "AutoRefill" monthly subscription (the "Plan") for the Product, which costs $30.59 per month, plus shipping and handling. *Id.* ¶ 16. Plaintiff alleges that the Plan "constitutes an automatic renewal and/or continuous service plan or arrangement for the purpose of Cal. Bus. & Prof. Code § 17601." *Id.*

Plaintiff purchased the Plan from Defendant. *Id.* ¶ 7. After Plaintiff subscribed to the Plan, Defendant sent Plaintiff a document entitled "OmegaBrite thanks you." *Id.* ¶ 17. However, Plaintiff alleges that Defendant failed to provide an acknowledgement detailing the Plan's automatic renewal terms, cancellation policy, and information on how to cancel the Plan in a manner capable of being retained by Plaintiff, in violation of California Business & Professions Code § 17602(a)(3). In addition, Plaintiff alleges that Defendant failed to provide an acknowledgment regarding how to cancel the subscription and failed to provide Plaintiff the opportunity to cancel before payment, as required by California Business & Professions Code § 17602(b). *Id.*

Plaintiff seeks to represent a class consisting of "all persons in California who, within the applicable statute of limitations period, purchased subscriptions for any products (such as the [Product]) from [Defendant]." *Id.* ¶ 1. Plaintiff seeks (1) class certification; (2) declaratory and injunctive relief; (3) damages and full restitution in the amount of the subscription payments made by class members; (4) attorneys' fees and costs; and (5) such other relief as the Court deems appropriate. *Id.* at 12:1-13:5.

Now pending before the Court is Defendant's Motion to Dismiss the Complaint. *See* Mot. to Dismiss ("MTD"), Docket No. 24. Plaintiff has opposed the Motion, *see* Opp'n to MTD ("Opp'n"), Docket No. 27, to which Defendant has replied, *see* Reply, Docket No. 29. Defendant moves to dismiss under Rule 12(b)(1) on the grounds that Plaintiff lacks standing; in the alternative, Defendant moves to dismiss under Rule 12(b)(6) for failure to state a claim. *See generally* MTD. As discussed *infra*, the Court would find that Plaintiff has failed to establish standing and, therefore, the Court lacks subject matter jurisdiction over the instant action.

## II. Legal Standard

In order for a court to have subject matter jurisdiction, a plaintiff must have standing to bring a claim. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also* U.S. Const. art. III, § 2. To demonstrate standing, a plaintiff must establish that it has suffered an "injury in fact" that is both "concrete and particularized" and "actual or imminent." *Lujan*, 504 U.S. at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). An injury cannot be "conjectural" or "hypothetical." *Id.* (quoting *Whitmore*, 495 U.S. at 155). Additionally, the injury must be "fairly traceable to the challenged action of the defendant" and likely to be "redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan*, 504 U.S. at 560-61).

## III. Analysis

Defendant contends that Plaintiff lacks standing because she has not demonstrated an actual and concrete injury. *See* MTD at 7:20-25. Defendant argues that the only injury Plaintiff purports to have suffered is Defendant's violation of the ARL's requirement that businesses offering an automatic renewal subscription provide an acknowledgment.[1] *Id.* at 7:25-8:10. However, Defendant asserts that a technical violation of a statute is insufficient to establish a concrete injury under the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). *Id.*

In *Spokeo*, the district court dismissed the plaintiff's complaint for lack of standing on the basis that the plaintiff had failed to establish an injury in fact from the defendant's alleged

---

[1] California Business & Professions Code § 17602(a)(3) makes it unlawful for any business making an automatic renewal or continuous service offer to "[f]ail to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer." *See* Cal. Bus. & Prof. Code § 17602(a)(3). Similarly, § 17602(b) requires businesses making an automatic renewal or continuous service offers to "provide a toll-free telephone number, electronic mail address, a postal address . . . or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment." *See* Cal. Bus. & Prof. Code § 17602(b).

publication of inaccurate information about the plaintiff, in violation of the Fair Credit Reporting Act of 1970 (the "FCRA"). *See Spokeo*, 136 S. Ct. at 1544. After the Ninth Circuit reversed, the Supreme Court remanded back to the Ninth Circuit, explaining that the Ninth Circuit's analysis was incomplete in that it had only addressed whether the alleged injury was particularized, and had failed to consider whether the alleged injury was also concrete. *Id.* at 1545. The Court emphasized that a "'concrete' injury must be '*de facto*'; that is, it must actually exist . . . . 'Concrete' is not, however, necessarily synonymous with 'tangible.'" *Id.* at 1548-49 (emphasis in original).

In determining whether an intangible harm can constitute an injury in fact, the Court explained that "both history and the judgment of Congress play important roles." *Id.* at 1549. However, the Court emphasized that "Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [the plaintiff] could not, for example, allege a bare procedural violation, divorced from concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* The Court further explained that:

> A violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.

*Id.* at 1550.

Here, as Defendant correctly contends, the Complaint fails to demonstrate a concrete injury because it raises no allegations regarding how Plaintiff purportedly suffered injury from Defendant's failure to provide the required acknowledgment. As Defendant points out, Plaintiff has not alleged "that she would have done anything differently with her [Product] subscription had she been sent a more robust email after making her purchase, that she was unable to manage or cancel her account, or that the supposed lack of a proper acknowledgment affected her in any way." *See* Reply at 3:3-14.

Indeed, in the aftermath of *Spokeo*, courts in the Ninth Circuit have dismissed complaints that alleged similar disclosure violations, but failed to allege any harm to the plaintiff as a result.

3

*See, e.g.*, *Jamison v. Bank of Am., N.A.*, __ F.Supp.3d __, 2016 WL 3653456 (E.D. Cal. July 7, 2016).[2] In *Jamison*, the court held that the plaintiff lacked standing to sue for a bank's alleged failure to disclose certain information in periodic bank statements, as required by statute, because the complaint alleged only hypothetical harm that could have resulted from the disclosure failure, but did not allege that the plaintiff actually suffered any such harm. *Id.* at *4; *see also Hancock v. Urban Outfitters, Inc.*, __ F.3d __, 2016 WL 3996710, *2 (D.C. Cir. July 26, 2016) (holding that the plaintiff lacked standing where the plaintiff failed to allege any cognizable injury as a result of a store's violation of D.C.'s Consumer Protection Act by asking for the plaintiff's zip code during purchase); *cf. Hawkins v. S2Verify*, No. C 15-03502 WHA, 2016 WL 3999458, *5 (N.D. Cal. July 26, 2016) (holding that the plaintiff alleged a concrete injury because the defendant's publication of plaintiff's stale arrests, in violation of the FCRA, intruded on the plaintiff's privacy interests).

Because Plaintiff has failed to allege any actual harm as a result of the alleged failure to provide the acknowledgement, the Court would find that Plaintiff lacks standing. The Court would therefore GRANT Defendant's Motion to Dismiss.[3]

## IV. Conclusion

For the foregoing reasons, the Court would GRANT Defendant's Motion to Dismiss.

---

[2] Plaintiff relies on *Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. 3:14-cv-00751-GPC-DHB, 2016 WL 3543699, *7 (S.D. Cal. June 29, 2016), for the proposition that "[a] violation of a statutory right is usually a sufficient injury to confer Article III standing." *See* Opp'n at 2 n.2. However, that court went on to analyze *Spokeo* and concluded that a statutory violation "does not automatically satisfy the injury-in-fact requirement." *Bona Fide Conglomerate*, 2016 WL 3543699, at *7. The court explained that only in "some circumstances" can a "violation of a procedural right granted by statute [] be sufficient," and went on to find that a procedural violation of California's anti-wiretapping and anti-eavesdropping statute was one such situation because a violation of the statute necessarily "implies a violation of privacy rights." *Id.* at *8. Here, the Court sees no reason why a failure to provide the required acknowledgment would necessarily imply harm to Plaintiff.

Plaintiff also relies on *Thomas v. FTS USA, LLC*, No. 3:13-cv-825, 2016 WL 3653878, *8-10 (E.D. V.A. June 30, 2016), to argue that a procedural right to receive particular information under a statute creates a concrete injury. *See* Opp'n at 4:2-5:21. However, *Thomas* involved an alleged statutory violation for failure to provide notice to an applicant for employment that an employer had sought to procure the applicant's consumer report. *See* Thomas, 2016 WL 3653878, at *10. The court found that there was a concrete injury from a failure to provide that notice because of the invasion of privacy that occurs absent "the consumer's knowing and voluntary written consent to secure that information . . . . it has long been the case that an unauthorized dissemination of one's personal information, even without a showing of actual damages, is an invasion of one's privacy that constitutes a concrete injury." *Id.* Again, here, the failure to provide Plaintiff with the acknowledgement did not result in harm to Plaintiff's privacy interests.

[3] Because the Court would find that Plaintiff lacks standing, the Court would not address Defendant's assertion that the Complaint fails to state a claim for relief. *See Steel Co. v. Citizens for a Better Envtl.*, 523 U.S. 83, 94 (1998) (holding that courts should not address claims on the merits where the court lacks jurisdiction because "[w]ithout jurisdiction the court cannot proceed at all in any cause . . . when [jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause" (citations and quotations omitted)).

Because it appears that Plaintiff might be able to amend her standing allegations, the dismissal would be without prejudice.